Wilde J.
delivered the opinion of the Court. It is no doubt true, that whenever the performance of a contract becomes impossible by an act of God, no action will lie to recover damages for the non-performance.[1] But this principle is not applicable to this case : for the performance on the part of the plaintiff, and not on the part of the defendants, has become impossible ; and the real question is, whether the plaintiff, being excused from the performance of his part of the contract, can nevertheless hold the defendants to performance on their part.
It is a well-established principle in cases of mutual covenants or promises, that if one thing be the consideration of the other, there a performance is necessary to be averred, unless a day is appointed for the performance, or some other circumstance appears, showing the intention of the parties to rely on their respective covenants or promises.[2] And as Lawrence J. says in the case of Glazebrook v. Woodrow, 8 T. R. 373, “ whether one promise be the consideration of another, or whether the performance, and not the mere promise, be the consideration, must be gathered from, and depends entirely upon, the words and nature of the agreement.”
Admitting this as the sound rule of construction, there can be no doubt as to the true consideration of the defendants’ promise. Here was no time appointed for the payment of the money. The defendants agree to pay a dollar per week for the board, clothing, and nursing of the pauper for the term of a year. And the plaintiff, to entitle himself to compensation according to this contract, must aver and prove performance on his part. The rule laid down by Lord Holt, in the case of Thorpe v. Thorpe, 1 Salk. 171, is in point. u In executory contracts, if the agreement be, that the one shall do an act, and for the doing thereof the other shall pay, &c. the doing of the act is a condition precedent to the payment.” It is very clear, therefore, that if nothing had intervened to excuse the plaintiff from performing his part of the contract, *107 he would not be entitled by the other facts in the case to maintain the present action, which would be governed by the same principles as were laid down in the case of Stark v. Parker, 2 Pick. 267. But as the plaintiff has performed his engagement in part, and has been prevented from fulfilling it by inevitable accident, he is entitled to compensation for the part performed, on an implied promise.[1] The death of the pauper operated as a dissolution of the express contract. The plaintiff could not perform it on his part, and the defend ants are excused on account of the failure of the consideration. Whether the plaintiff is entitled to a pro rata compensation, or may entitle himself to something more on an implied promise for other services, is, we apprehend, immaterial, since in either case he has probably received more than an equivalent; and unless evidence can be produced to show the contrary, a nonsuit must be entered.

 Where a purchaser of land hag performed in part the terms of the contract, and the failure to perform the residue has been occasioned by circumstances which neither party could control, equity will arrange a just compensation to the purchaser, and charge it upon the land sold. Williams v. Champion, 6 Ohio R. 170.

 See Chitty on Contracts, (3d Amer. ed.) 273; 10 Amer. Jurist, 250 to 253; Platt on Covenants, 275, (Law Libr. JVo. 7, p. 275.)

 See Platt on Covenants, 83 et seq., 105,106, (Law Libr. JVo. 7, p. 83 <1 seq., 105,106.) 1 Chitty on PI. (6th Amer. ed.) 355, 356.